1
2
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
                     WESTERN DISTRICT OF WASHINGTON
10                              AT TACOMA

11   JODIE D. GRAGG,
12                                              Case No.  C11-5451RJB/JRC
                         Petitioner,
13                                              ORDER TO SHOW CAUSE
                 v.
14
15   PROSECUTOR EDGAR KORZENIOWSKI,
16                      Respondent.

17          This Habeas Corpus action filed pursuant to 28 U.S.C. 2254 has been referred to the

18   undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local
19
     Magistrate Judges Rules MJR 1, MJR 3, and MJR 4.
20
            Petitioner admits in the proposed petition that he has not exhausted his claims in state
21
22   court (ECF No. 1, proposed petition).  A state prisoner seeking habeas corpus relief in federal

23   court must exhaust available state relief prior to filing a petition in federal court. As a threshold

24   issue the court must determine whether or not petitioner has properly presented the federal

25   habeas claims to the state courts. 28 U.S.C. § 2254(b)(1) states, in pertinent part:
26

     ORDER TO SHOW CAUSE- 1

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the state; or (B)(i) there is an absence of available state corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

To exhaust state remedies, petitioner's claims must have been fairly presented to the state's highest court. Picard v. Connor, 404 U.S. 270, 275 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985) (petitioner "fairly presented" the claim to the state Supreme Court even though the state court did not reach the argument on the merits).

A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of federal rights. Duncan v. Henry, 513 U.S. 364, 365 (1995) (*citing* Picard, 404 U.S. at 275). Petitioner must have exhausted the claim at every level of appeal in the state courts. Ortberg v. Moody, 961 F.2d 135, 138 (9th Cir. 1992). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. Duncan, 513 U.S. at 365-66 (*citing* Picard, 404 U.S. at 275 and Anderson v. Harless, 459 U.S. 4 (1982)). The petitioner must present the claims to the state's highest court, even if such review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Larche v. Simons, 53 F.3d 1068, 1071 (9th Cir. 1995). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 USCA § 2254(c).

Specifically, a petitioner must apprise the state court that an alleged error is not only a violation of state law, but a violation of the Constitution. Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Vague references to broad constitutional principles such as due process, equal

1   protection, or a fair trial are not enough. <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996); <u>Gatlin v.</u>

2   <u>Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1087 (2000) (petitioner's

3   statement that the state court's cumulative errors denied him a fair trial was insufficient to

4   specifically articulate a violation of a federal constitutional guarantee); <u>Hiivala v. Wood</u>, 195

5   F.3d 1098, 1106 (9th Cir. 1999).  A petitioner must include reference to a specific federal

6   constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.

7   <u>Gray v. Netherland</u>, 518 U.S. at 162-163.

8           Mr. Gragg fails to show he has exhausted his claims in state court.  He states that he has

9   filed a personal restraint petition, but has not received a ruling on that petition (ECF No. 1,

10  proposed petition).

11          Nor has petitioner demonstrated that exhaustion has been waived.  If exhaustion is to be

12  waived, it must be waived explicitly by respondent.  28 U.S.C. § 2254 (b)(3).  There is nothing in

13  the record to indicate that respondent has waived the exhaustion requirement.

14          Petitioner will have until July 22, 2011, to show cause why this petition should not be

15  DISMISSED WITHOUT PREJUDICE prior to service.

16          Dated this 20th day of June, 2011.


                                            J. Richard Creatura
                                            United States Magistrate Judge


ORDER TO SHOW CAUSE- 3